**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JASON R. ONEAL,

    Petitioner,

v.

DAVID J. EBBERT,

    Respondent.

Civil Action No. 09-1667 (MLC)

**O P I N I O N**

**APPEARANCES:**

Jason R. Oneal, Petitioner <u>Pro</u> <u>Se</u>
F.C.I. Allenwood, P.O. Box 2000, White Deer, PA 17887

**COOPER**, District Judge

Petitioner, Jason R. Oneal, a prisoner confined at the Federal Correctional Institution at Allenwood, Pennsylvania, petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. The named respondent is David J. Ebbert, the warden of F.C.I. Allenwood.

Habeas petitions made under § 2241 "must be sought from a district court with jurisdiction over the custodian of the prisoner." <u>United States. v. Ferri</u>, 686 F.2d 147, 158 (3d Cir. 1982); <u>see</u> <u>Outlaw v. Hawk-Sawyer</u>, 321 F.Supp.2d 96, 98 (D.D.C. 2004). The prisoner's custodian in a habeas action is generally considered to be "the warden of the prison or facility where the detainee is held". <u>Yi v. Maugans</u>, 24 F.3d 500, 507 (3d Cir. 1994) (quoting <u>Ex Parte Endo</u>, 323 U.S. 283 (1944)). "[T]here is generally only one proper respondent to a given petitioner's

habeas petition[;] . . . 'the person' with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

Petitioner here challenges the validity of his detention in Pennsylvania, and names the warden of the Pennsylvania-located federal correctional facility as the sole respondent. The Court lacks personal jurisdiction over Petitioner's custodian.

This proceeding should have been initiated in the United States District Court for the Middle District of Pennsylvania. Thus, the Court will transfer the proceeding there in the interests of justice. See 28 U.S.C. § 1631 (concerning transfer to cure want of jurisdiction); Disla v. Hogsten, 155 Fed.Appx. 619, 620 n.3 (3d Cir. 2005) (stating that upon determining that jurisdiction over a habeas petition is lacking, a district court normally should consider whether the interests of justice require transfer to the district court having jurisdiction). The Court will issue an appropriate Order.

      s/Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: June 25, 2009